ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| JUNTA DE PLANIFICACIÓN DE PUERTO RICO<br><br>Recurrida<br><br>v.<br><br>RAFAEL FERNÁNDEZ MÉNDEZ; CARLA RIVERA CASTRO<br><br>Recurrente | TA2025RA00035 | *Revisión Judicial* de la Junta de Planificación de Puerto Rico<br><br>Caso Núm.: 2021-SRQ-00860<br><br>Sobre: Consulta de Construcción |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 30 de septiembre de 2025.

Rafael Fernández Méndez y Carla Rivera Castro (recurrentes) solicitan que revisemos la *Resolución Final* que emitió la Junta de Planificación de Puerto Rico (Junta de Planificación), el 24 de abril de 2025. Mediante esta, la Junta le impuso al recurrente una multa de mil cincuenta y un dólares con veinte centavos ($1,051.20), más la demolición de las obras construidas.

Examinado el *Recurso de Revisión*, disponemos modificar la resolución recurrida, para dejar sin efecto la determinación respecto a la demolición de las obras.

## I.

Luz D. Santiago presentó una querella en el Sistema Unificado de Información, contra su vecino Rafael Fernández (en adelante, señor Fernández). Alegó que este instaló una verja a una altura mayor de seis pies y colocó unas ventanas que dan a su propiedad, lo cual interfería con su intimidad. Fundamentó su

querella en la ausencia del permiso requerido, en incumpliendo con la ley y/o reglamento.

El 23 de diciembre de 2023, la Junta de Planificación le emitió al señor Fernández una *Notificación de Investigación*.

El 3 de enero de 2022, el Agente de Permisos, señor Carlos Burgos Algarín, realizó una inspección ocular en la propiedad querellada. Observó la ampliación de marquesina con medidas aproximadas de 19' pies de largo por 10' pies de ancho, pegada a la verja de colindancia, ubicada en patio lateral derecho. Una terraza de 18' pies de largo por 12' pies de ancho aproximadamente, pegada a verja de colindancia, ubicada en patio lateral derecho. La construcción terminada de una piscina de 8' pies de ancho por 16' pies de largo aproximadamente, ubicada en el patio posterior derecho y otra construcción terminada de un cuarto de máquinas y un baño de 5' pies de ancho por 10' pies de largo aproximadamente, ubicados en patio lateral izquierdo.[1]

En respuesta, el 10 de marzo de 2022, la Junta de Planificación le notificó al señor Fernández los hallazgos y le ordenó mostrar causa, en veinte (20) días, por la cual no se le debía imponer una multa de mil cincuenta y un dólares con veinte centavos ($1,051.20) por las violaciones señaladas.

El 25 de marzo de 2022, el señor Fernández reaccionó con una moción en *Cumplimiento de Orden sobre Mostración de Causa*. Referente a la ampliación de la marquesina y demás construcciones, alegó que radicó una consulta de construcción para su legalización y que obtuvo el correspondiente permiso bajo el número 2021-424477-CO008972. Aclaró, a su vez, que la

---

[1] Resolución final, apéndice 2 de SUMAC TA, determinación de hechos número 2.

colocación de las ventanas, por su altura, no daba visibilidad a la propiedad vecina, por lo que, no se violentaba la disposición legal sobre servidumbre de luces y vistas.

El 22 de abril de 2022, la Junta de Planificación emitió una Resolución. Allí expresó que revisó la mencionada consulta de construcción, por lo que, decretó detener el trámite administrativo, 2021-SRQ-008601 hasta que se emitiera una determinación sobre la consulta de construcción y se agotaran todos los remedios administrativos disponibles.

El **29 de diciembre de 2022**, la Oficina de Gerencia de Permisos (OGPe) emitió una *Resolución de Consulta de Construcción*, caso número 2022-424477-CC0-008972. En esta dispuso la solicitud de consulta de construcción para la legalización de ampliación de residencia ubicada en la Calle Roble H-10 del Municipio de Juana Díaz. Allí, la OGPe emitió las siguientes determinaciones de hechos:

1. El Sr. Rafael Fernández Méndez por conducto del Ing. José L. Carmona Rivera, radicó ante la Oficina de Secretaría Auxiliar de Permisos del Departamento de Desarrollo Económico y Comercio, una solicitud de consulta de construcción para la legalización de ampliación de residencial ubicada en la Calle Roble 672, Urb. Paseos Del Parque del Municipio de Juana Díaz, PR.

2. La propiedad en cuestión ubica en un predio de terreno con una cabida superficial de 306 metros cuadrados, según escritura; está calificado como Residencial Intermedio (R-I), y está clasificado Suelo Urbano (SU).

3. La legalización consiste en la ampliación de la marquesina hacia el patio posterior, de 42 pies de largo por 14 de ancho, piscina y baño para visitas.

4. Esta ampliación será abierta en los lados posterior y lateral izquierdo, manteniendo las características de marquesinas.

5. En el lateral derecho se construyó una pared paralela a la verja de colindancia y se instalaron unas ventanas de 2 pies de alto a una Altura de 7 pies sobre el nivel del piso para evitar la condición de luces y vistas.

6. Se solicita variación en el patio lateral derecho y patio posterior, se proponen cada uno de 1.5 metros donde el Reglamento propone 2 y 3 metros.

7. El predio en cuestión no se encuentra afectado por zona inundable alguna, según el Mapa Sobre Zonas Susceptibles a Inundaciones, vigente para el Municipio de Juana Díaz.

8. El proyecto ha sido evaluado desde el punto de vista ambiental conforme a la Ley de Política Pública Ambiental y se ha determinado que el mismo no causará impacto ambiental significativo, visto en el expediente: 2022-424477-DEC-106604, expedida el 23 de marzo de 2022.

9. El expediente contiene evidencia de la notificación requerida a los colindantes por correo certificado, una foto que acredita la instalación del rótulo de notificación en cumplimiento con la reglamentación aplicable.

10. De la evaluación de los datos provistos por la Parte Proponente, surge la siguiente tabla comparativa de parámetros:

    Tabla de Parámetros
    [……..]

En el análisis del derecho, la OGPe aludió las disposiciones legales y reglamentarias del Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios, vigente del 2 de enero de 2021 (en adelante, "Reglamento Conjunto") como el cuerpo reglamentario de aplicación a la solicitud de lotificación presentada.

En las conclusiones de derecho, inciso 6, la OGPe decretó que, "en la Determinación de Hechos Núm. 2 se propone variación en la distancia requerida para los patios del lado posterior y lateral derecho requerido, pero esto no afecta a las propiedades colindantes." Agregó en el inciso 7 que, "[e]sta solicitud de variación en construcción ha sido examinada y analizada por la OGPe, a base de la totalidad de los documentos que obran en el expediente digital, a la luz de la información suministrada por la parte proponente, las disposiciones de leyes, reglamentos y normas de planificación vigentes y del resultado del estudio desde

el punto de vista ambiental.  No existe oposición de vecinos a la acción propuesta."

Entonces, la OGPE emitió su ACUERDO y CONDICIONES en el que, "adoptó un acuerdo FAVORABLE para la legalización de ampliación de residencia ubicada en la Calle Roble 672, Urb. Paseos Del Parque del Municipio de Juana Díaz, PR." Agregó que, "[s]e deberá cumplir con Código Civil (Luces y Vistas)".  Esta determinación se les notificó a varias personas, entre ellas, a la querellante Luz D. Santiago.

A más de dos años, el 24 de abril de 2025, la Junta de Planificación emitió una *Resolución Final*.          Entre las determinaciones de hechos plasmó lo siguiente:

[……..]

6. El 29 de diciembre de 2022 fue notificada Resolución de Consulta de Construcción donde se adoptó un acuerdo favorable para la legalización. Esta Consulta de Construcción no legaliza las obras llevadas a cabo en la propiedad querellada.

7. La parte querellada no sometió dentro del término dispuesto, evidencia de que obtuvo el Permiso de Construcción aprobado o eliminó las violaciones. Tampoco ha realizado el pago de la multa administrativa. Al día de hoy la Parte Querellada no cuenta con los Permisos aprobados.

En las conclusiones de derecho dispuso como sigue:

1. La Regla 2.2.5 sobre términos de vigencia de las determinaciones finales establece a su inciso a.3. que "El termino indicado de dos (2) años contados a partir de la notificación de aprobación para obtener el correspondiente Permiso de Construcción, no aplicará en los casos en que exista una querella y como resultado de la investigación de la misma, según establecido en la Regla 11.2.3 y Regla 11.2.4 en el Tomo XI de este Reglamento, realizada por el Auditor de Permisos o la persona delegada, se concluyera que las alegaciones de dicha querella son ciertas, por lo que la radicación de la solicitud de permiso o permisos que apliquen, será a partir de sesenta (60) días de la notificación de aprobación para la obtención del Permiso de Construcción.
2. Examinados el Informe de Inspección, la Notificación de Hallazgos y Orden de Mostrar Causa, el expediente de

la Consulta de Construcción número 2022-424477-CCO-008972, y el expediente administrativo de la Querella, la Junta de Planificación determina que la parte Querellada realizó la construcción de ampliación de marquesina con medidas aproximadas de 19' pies de largo por 10' pies de ancho pegada a la verja de colindancia, ubicada en patio lateral derecho, terraza de 18' pies de largo por 12' pies de ancho aproximadamente, pegada a verja de colindancia, ubicada en patio lateral derecho, construcción terminada de piscina de 8' pies de ancho por 16' pies de largo aproximadamente, ubicada en el patio posterior derecho y construcción terminada de un cuarto de máquinas y un baño de 5' pies de ancho por 10' pies de largo aproximadamente, ubicados en patio lateral izquierdo, sin los Permisos correspondientes. Esta construcción, requiere presentar una solicitud de permisos y ser aprobada por la OGPe, los Municipios Autónomos con Jerarquía de la I a la III, el PA, el IA o las entidades gubernamentales competentes autorizadas a expedir los mismos. La Parte Querellada dentro del término dispuesto no mostró evidencia de:

a. Permiso requerido;
b. Haber eliminado las violaciones o infracciones antes mencionadas;
c. Evidencia impugnando los hallazgos y conclusiones, y fundamentando las defensas;
d. Evidencia del pago de cualquier multa emitida previa a la fecha de esta notificación.
e. Solicitud de vista administrativa según dispuesto en el Reglamento Conjunto vigente.

Acto seguido, la Junta de Planificación decretó que no se había legalizado la construcción e impuso una multa de $1,051.20 y ordenó la demolición de las obras.

Inconforme con la determinación, el 14 de mayo de 2025, el señor Fernández presentó una *Urgente Solicitud de Reconsideración*. La agencia no se expresó sobre esta, por lo que, el recurrente interpuso un recurso de revisión administrativa, con el siguiente señalamiento:

Erró la Junta de Planificación al concluir que la parte querellada no había legalizado las obras, ignorando que la OGPe, autoridad competente en ley, emitió el 29 de diciembre de 2022 una resolución final y favorable que autorizó la legalización de la ampliación residencial, previo cumplimiento con los requisitos reglamentarios. Imponer una sanción administrativa y ordenar la demolición de las obras legalizadas

constituye un acto arbitrario y contrario al debido proceso de ley.

Recibido el *Recurso de Revisión*, le concedimos término a la parte recurrida para presentar su posición, mas no lo hizo.   Por tanto, damos por sometido el asunto.

**II.**

**A.**

La *Ley para la Reforma del Proceso de Permisos de Puerto Rico*, Ley Núm. 161 del 1 de diciembre de 2009 (Ley Núm. 161-2009), según enmendada, 23 LPRA secs. 9011 *et seq*., promueve, entre sus metas y objetivos, el derecho al disfrute de la propiedad, garantizado bajo la Constitución de los Estados Unidos de América y la del Estado Libre Asociado de Puerto Rico.   Ello, como parte del desarrollo socioeconómico de un pueblo y su búsqueda de la felicidad.[2]   A tenor con ello, la Exposición de Motivos declara que la Ley debe interpretarse, "a favor del derecho al pleno disfrute de la propiedad como derecho fundamental y amplio."

La Ley 161-2009 es pues, "la disposición legal que establece el marco jurídico y administrativo que rige la solicitud, evaluación, concesión y denegación de permisos por el Estado Libre Asociado de Puerto Rico." Díaz Vázquez et al. v. Colón Peña et al.*, 2024 TSPR 113, 214 DPR____ (2024), citando a Laureano v. Mun. de Bayamón, 197 DPR 420, 433 (2017).

Para cumplir con ello, se creó la Oficina de Gerencia de Permisos ("OGPe") con jurisdicción para evaluar, conceder y/o denegar permisos relacionados con el desarrollo de obras de construcción y el uso de terrenos.   Art. 2.1 de la Ley Núm. 161-2009, 23 LPRA sec. 9012; Díaz Vázquez et al. v. Colón Peña et

---

[2] Exposición de Motivos

al*.*, *supra.* A esos fines, el Artículo 2.5 de la Ley Núm. 161, *supra*, estableció la OGPe o la Junta Adjudicativa, según sea el caso, para evaluar y emitir licencias y **determinaciones finales** para las **consultas** de variación en uso, **construcción**, y consultas de ubicación, incluyendo las de mejoras públicas y las de impacto regional o suprarregional. Artículo 2.5 de la Ley Núm. 161-2009, *supra*, sec. 9012d. (Énfasis nuestro).

**B.**

Por otro lado, en virtud de la Ley Núm. 161-2009, *supra*, se creó el Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios, Reglamento 9233, (Reglamento Conjunto) vigente al 2 de enero de 2021[3], al momento de presentarse la querella y al emitirse la Consulta de Construcción.

La Sección 11.2.2 del Reglamento Conjunto provee un procedimiento de *Investigación y Adjudicación de Querellas Ante la Junta de Planificación,* con el propósito de proveer un procedimiento uniforme para la presentación y adjudicación de querellas y asegurar su solución justa, rápida y económica. Sección 11.2.1.1 del Reglamento Conjunto.

Para el inicio de las querellas, en lo aquí pertinente, el reglamento dispone que, vez se inicia ese trámite y se determina que la querella cumple con los requisitos de contenido, un inspector de cumplimiento inicia el procedimiento de investigación. Ver Secciones 11.2.1, 11.2.2.3-11.2.3.2 del Reglamento Conjunto.

---

[3] El Tribunal Supremo de Puerto Rico*, en* FCPR v. ELA et al*.*, 211 DPR 521 (2023), declaró la nulidad del Reglamento Conjunto de 2020. Luego, en Martínez Fernández et al. v. OGPe et al., 212 DPR 285, 290 (2023), resuelto el 16 de junio de 2023, el foro supremo pautó que tal determinación de nulidad tendría efecto prospectivo a partir de la certificación de esa opinión. Indicó que, "todo permiso que haya sido autorizado y expedido al amparo de los referidos reglamentos, previo a la emisión de este pronunciamiento, deberá ser aceptado como legal por toda la ciudadanía." Íd.

Este inspector rendirá un informe de investigación, la cual contendrá toda la información técnica pertinente a los hallazgos. En particular, en casos de, "una obra o uso no autorizado, el inspector **indicará el permiso que debió haberse obtenido previo a la construcción de la obra o realización del uso observado y las disposiciones legales y reglamentarias que requieren la obtención de dicho permiso**." Sección 11.2.3.3. (a)(9)(d).

Completada esta gestión, la Sección 11.2.3.4 del Reglamento Conjunto, indica lo siguiente:

[……..]

d. Culminados los procesos de investigación y de Notificación de Hallazgos y Orden de Mostrar Causa, la JP emitirá una determinación final en la que adjudicará las controversias identificadas en dicha notificación.

e. Si de la investigación realizada surge que las alegaciones de la querella son ciertas o que existe alguna violación a las leyes o reglamentos aplicables, el Oficial Auditor de Permisos, el Municipio Autónomo con Jerarquía de la I a la III o la entidad gubernamental concernida, según corresponda, procederá a expedir una multa administrativa conforme al Capítulo 11.4 o podrá iniciar el trámite establecido en el Capítulo 11.6 de este Reglamento para requerir la paralización, **legalización**, subsanación o rectificación de las obras de construcción o de cualquier determinación final, la revocación del permiso o cualquier otra acción autorizada bajo las leyes y reglamentos aplicables.

f. Si de la investigación realizada surge que las alegaciones de la querella no pueden ser confirmadas o que no existe alguna violación a las leyes o reglamentos aplicables, el Oficial Auditor de Permisos, el Municipio Autónomo o la entidad gubernamental concernida, según corresponda, procederá a archivar la querella.

En cuanto a las obras construidas sin permisos, la Sección 2.7.4.2 del Reglamento Conjunto indica como sigue:

SOLICITUD PARA CONFORMAR Y AUTORIZAR EL USO DE OBRAS DE ESTRUCTURAS CONSTRUIDAS SIN PERMISO

Los planos de estructuras construidas para los cuales no se haya aprobado un permiso de construcción, bajo las disposiciones de este Reglamento Conjunto, podrán presentarse, mediante la solicitud correspondiente para conformar y autorizar el uso de obras de estructuras construidas sin permisos.

A tales efectos, el Tomo XII del Reglamento Conjunto, *supra*, define distintos conceptos, en lo pertinente:

**Consulta de construcción**- Trámite ante la OGPe, sobre un proyecto de uso ministerial, pero que conlleva **variaciones** a los parámetros de construcción del distrito donde ubica, el cual será adjudicado por la Junta Adjudicativa o Municipio Autónomo con Jerarquía de la I a la III". Íd, pág. 798.

**Variación de Construcción o de Instalación de Rótulos y Anuncios-** Autorización que se conceda para la construcción de una estructura o parte de esta, o a la instalación de rótulos o anuncios, que no satisfaga los reglamentos y planos de ordenación establecidos, pero que, debido a la condición del solar, la ubicación especial o el uso particular confronte una dificultad práctica y amerite una consideración especial, garantizándole que no exista perjuicio a las propiedades vecinas. La variación no podrá afectar las características propias de un distrito y no podrá tener el efecto de convertir un distrito en otro. Íd., pág. 888.

**Permiso de Construcción** - Autorización escrita expedida por la OGPe, el Profesional Autorizado o Municipio Autónomo con Jerarquía de la I a la V, según dispuesto en este reglamento para las siguientes actividades construcción de obras o estructuras, reconstrucción, remodelación, demolición, obras de urbanización, entre otras. Id. Pág. 850.

La Regla 2.2.5 del Reglamento Conjunto, provee los términos de vigencia de las determinaciones finales, a saber:

a. Toda determinación final sobre cualquier consulta o recomendación relacionada a un proyecto de construcción, quedará sin efecto si:

1. Dentro del término de dos (2) años, contado a partir de haberse notificado la misma, no se obtuviera el correspondiente permiso de construcción; o

2. Luego de haberse obtenido el correspondiente permiso de construcción, las obras autorizadas en este no se comenzarán dentro del término de dos (2) años a partir de la fecha de su notificación.

3. El término indicado de dos (2) años contados a partir de la notificación de aprobación para obtener el correspondiente Permiso de Construcción, no aplicará en los casos en que exista una querella y como resultado de la investigación de la misma, según establecido en la Regla 11.2.3 y Regla 11.2.4 en el Tomo XI de este Reglamento, realizada por el Auditor de Permisos o la persona delegada, se concluyera que las alegaciones de dicha querella son ciertas, por lo que la radicación de la solicitud de permiso o permisos que apliquen, será a partir de sesenta (60) días de la notificación de aprobación para la obtención del Permiso de Construcción.

En cuanto a las multas, los Artículos 14.5 y 14.8 de la Ley 161-2009 y la Sección 11.4.1.1.1 del Reglamento Conjunto le concede facultad a la Junta de Planificación para imponerlas.

En particular, la sección 11.4.1.2 del Reglamento Conjunto indica que las multas administrativas serán impuestas tomando en consideración ciertos factores, entre ellos, la severidad de la violación, el término por el cual se extendió la violación, el riesgo o los daños causados a la salud o a la seguridad como resultado de la violación, entre otros. Ver sección 11.4.1.2. (a).

En cuanto al monto de la multa el Reglamento Conjunto indica que, "se establece la cantidad base mínima de quinientos dólares ($500) o el costo del permiso o falta alegada multiplicado por dos lo que resulte mayor. Ante la ausencia de permiso, se utilizará la suma mínima de quinientos dólares ($500)." Ver sección 11.4.1.2 (b)(1). Cuando la falta administrativa sea por la ausencia de permiso, la severidad de la violación es de, "2 por la base de la multa." Íd., inciso (c).

**C.**

En cuanto a la revisión de las decisiones administrativas, el Artículo 9.10 de la Ley 161-2009 y la Regla 2.2.7 del Reglamento Conjunto, establecen una presunción sobre la corrección de las

determinaciones finales y legalidad de los permisos concedidos.  A su vez, el inciso f de la Regla 2.2.7 del Reglamento Conjunto indica que "la aprobación de una consulta pública no implica, en forma alguna, la aprobación de la transacción o del permiso de construcción en sí, la cual deberá regirse por lo establecido en este Reglamento."

Por otro lado, la Sección 4.5 de la Ley Núm. 38-2017, según enmendada, conocida como Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9675, y nuestra jurisprudencia, limita la revisión judicial a los siguientes tres aspectos: "(1) que el remedio concedido por la agencia **fue el apropiado**; (2) que la revisión de las determinaciones de hecho esté conforme al criterio de evidencia sustancial, y (3) determinar si las conclusiones de derecho fueron correctas mediante su revisión completa y absoluta". Katirias's Café v. Mun. de San Juan, 2025 TSPR 33, 215 DPR ____ (2025), citando a Pagán Santiago et al. v. ASR, 185 DPR 341, 358 (2012).  El criterio rector al revisar una actuación de la agencia recurrida **es la razonabilidad** de la acción impugnada.  Katirias's Café v. Mun. de San Juan, *supra*. (Énfasis suplido).  En cuanto a las conclusiones de derecho, los tribunales apelativos tienen la facultad de revisarlas en todos sus aspectos. Vázquez et al. v. DACo, 2025 TSPR 56, 215 DPR ____ (2025); Otero Rivera v. USAA Fed. Savs. Bank, 2024 TSPR 70, 214 DPR ___ (2024). Ello pues, "la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales." Íd.

Así pues, la deferencia a la determinación de una agencia administrativa cederá cuando: (1) no está basada en evidencia sustancial; (2) el ente administrativo erró al aplicar o interpretar las leyes o los reglamentos que se le ha encomendado

administrar; (3) el organismo administrativo actuó de forma arbitraria, irrazonable o ilegal, realizando determinaciones carentes de una base racional, o (4) cuando la actuación administrativa lesiona derechos constitucionales fundamentales. Jusino Rodríguez v. Junta de Retiro, 2024 TSPR 138, 215 DPR __ (2024).

A tenor con la antes mencionada normativa, revisamos.

### III.

En atención a una querella, el 3 de enero de 2022, un agente de permisos, realizó una inspección en la propiedad del señor Fernández. Según su informe, el agente observó la ampliación de una marquesina y una terraza ubicada en la colindancia del patio lateral derecho. Divisó, además, una piscina en el patio posterior derecho de la propiedad, un cuarto de máquinas y un baño, ubicados en patio lateral izquierdo.[4]

En reacción a ese trámite, el señor Fernández le notificó a la Junta de Planificación que incoó una consulta de construcción para la legalización de las referidas obras.

En vista de ese trámite, el 22 de abril de 2022, la Junta de Planificación, decretó detener el proceso administrativo, **hasta que se emita una determinación en el caso sobre Consulta de Construcción** y se agoten todos los remedios administrativos disponibles. Concluida la consulta de construcción, el 29 de diciembre de 2022, la OGPe determinó que era FAVORABLE la legalización de la ampliación de la residencia evaluada. Esto es, aprobó la Consulta de Construcción. No surge del expediente que esa determinación fuese invalidada posteriormente. Por tanto, podemos concluir que advino final y firme.

---

[4] Resolución Final, apéndice 2 de SUMAC TA, determinación de hechos número 2.

A pesar de que la OGPe expidió la Consulta de Construcción favorablemente, a más de dos años después, en abril del año 2025, la Junta de Planificación multó al señor Fernández, más le ordenó destruir las obras. Ello, por entender que la consulta de construcción no legalizaba las obras y que el recurrente no obtuvo el permiso de construcción aprobado.

En su recurso ante esta curia, el recurrente entiende que la Junta de Planificación erró en derecho al sostener que las obras de construcción no fueron legalizadas. Revisamos.

En este caso las obras ya estaban construidas. Por lo que, solo restaba la legalización de estas. Una vez el recurrente fue advertido de ello, este inició el procedimiento de consulta de construcción. La OGPe emitió su determinación **favorable** sobre la Consulta de Construcción para la legalización de las obras. En cambio, no surge de esa determinación alguna otra instrucción para que el recurrente realizara algún otro trámite.

Incluso, de los hechos aquí reseñados notamos que el 22 de abril de 2022, la Junta de Planificación paralizó el trámite de querella, hasta tanto se emitiera una determinación en el caso de la consulta de construcción y se agotara el remedio administrativo. De esa decisión tampoco surge la directriz relacionada al permiso de construcción o a algún otro trámite posterior. Tampoco vemos del informe de inspección, según lo reseñó la Junta de Planificación en la *Resolución Final* que revisamos, que el agente de permisos hubiese requerido un permiso en particular, según lo exige Sección 11.2.3.3. (a)(9)(d) del Reglamento Conjunto.

Todo lo anterior nos lleva a concluir que resulta irrazonable que la Junta de Planificación le ordenara a la parte recurrente a destruir las obras que la OGPe previamente avaló. Este remedio

no fue el adecuado, pues, además, atenta contra el derecho de uso y disfrute de la propiedad, consagrado en nuestra Constitución, luego de validarse que esa construcción se veía razonable.

Ahora bien, como la Junta de Planificación indica que se requiere un permiso de construcción, como paso posterior a la Consulta de Construcción, solo resta que se le permita al recurrente completar ese trámite.  Esto, a los fines de legalizar las obras ya construidas.  Para ello, se devuelve el asunto a la Junta de Planificación para instrucciones al efecto.

En cuanto a la multa de $1,051.20 que se le impuso al recurrente, por no contar con los permisos de construcción, no vamos a intervenir con esta decisión.  La multa, y la cuantía, se encuentran dentro de los parámetros que establece la Sección 11.4.1.2 del Reglamento Conjunto.

## IV.

Por las razones antes expresadas, solo modificamos la Resolución recurrida para dejar sin efecto la orden de demoler las obras construidas.  Se devuelve el asunto a la agencia para la culminación del proceso.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones